PER CURIAM.
By petition for a writ of certiorari we have for review an order of the Florida Industrial Commission bearing date of November 18, 1964.
This court has previously considered a petition for writ of certiorari in this cause which was denied, thereby affirming the *9 order of the Full Commission which reversed the order of the deputy commissioner and remanded the cause for reconsideration and redetermination of claimant’s residual permanent partial disability based upon his diminution of earning capacity, if any. Upon remand the deputy reached the same conclusion basing it on the same evidence. Upon second review, the Full Commission “Ordered that said order of the deputy commissioner be and the same is hereby vacated and set aside, and said cause be and the same is hereby remanded to the deputy commissioner for the purpose of entering a new order determining claimant’s percentage of permanent partial disability (a percentage less than 50 percent as previously found), if any. The deputy, in entering his new Order, is to determine the case on the present record without taking additional testimony and his Order should contain findings of fact which are supported by competent substantial evidence.”
We found from a careful examination of the record on previous review that the order of the deputy should be reversed and remanded as directed by the order of the Full Commission, and upon review of the record this second time we find that the deputy has again failed to properly substantiate his order to the extent of fifty percent. It would be helpful, however, if the Commission would more specifically outline its reasons for the reversal of the deputy, and that some form of guidelines be established for use in making the re-evaluation.
The petition for certiorari is denied.
It is further ordered that the petitioner’s petition for allowance of attorneys’ fees, be and the same is hereby denied.
THOMAS, Acting C. J., and ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.